IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAITLYN YOUMANS, | : | Civil No. 3:23-cv-829 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| WARDEN OF SCI-MUNCY, *et al.*, | : | |
| Respondents | : | |

FILED
SCRANTON

MAY 22 2023

PER _____
DEPUTY CLERK

## ORDER

**AND NOW**, this 22nd day of May, 2023, upon preliminary review[1] of the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1), in which Petitioner Kaitlyn Youmans ("Petitioner"), an inmate confined at the State Correctional Institution at Muncy, sentenced by the Court of Common Pleas of Carbon County to a term of imprisonment of six to twenty-four months and twelve months of probation, for disorderly conduct, *see Commonwealth v. Youmans*, No. CP-13-CR-0000946-2020 (Pa. Ct. Com. Pl. Carbon Cty.), requests that this Court lift a detainer lodged against her, and it being a long-established principle of habeas litigation that before a state prisoner may obtain federal

---

[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . ." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

review, the prisoner must first exhaust the remedies available in the state courts,[2] and it appearing that Petitioner has available to her state court remedies and that she is presently pursuing collateral review proceedings in a Post-Conviction Relief Act ("PCRA") petition, and that she has "not yet received" a decision on her PCRA petition and is "yet to appeal" a potential denial of her PCRA petition (Doc. 1, p. 11), and it further appearing that there remains sufficient time on the statute of limitations to pursue federal review once the state court collateral review proceedings have concluded, **IT IS HEREBY ORDERED** that:

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice.

2. The Clerk of Court is directed to **CLOSE** this case.

3. There is no basis for the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c).

Robert D. Mariani
United States District Judge

---

[2] 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).